# UNITED STATES OF AMERICA
# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Teamsters Local 337

        Plaintiff,

-VS-

Coca Cola Refreshments, USA, Inc.

Great Lakes Region

        Defendant.

## COMPLAINT

Now comes Teamsters Local 337 or the Union, and does file this lawsuit against Defendant Coca Cola Refreshments, USA, Inc Great Lakes Region (hereinafter CCR).

## STATEMENT OF CLAIM

1. This is an action under Section 301 of the Labor Management Relations Act, seeking to enforce bargained for rights and medical benefits guaranteed to certain and specific retirees who Defendant owes an obligation to provide Medical Benefits to.

## PARTIES

2. Local 337 is a Labor Organization representing employees in an industry effecting commerce within the meaning of Section 301 of the Labor Management Relations Act 29 U.S.C. 185. Local 337 provides such representation within the geographic area covered by this Court.

3. Local 337 files this Lawsuit on behalf of specific retired former employees of CCR who have had their medical benefits wrongfully changed, adding to the costs of their medical benefits and effecting the medical benefits they receive.

4. CCR was a warehousing and distribution company with contracts in various locations, including, but not limited to Detroit, Michigan, and it operated within the geographic area covered by this Court. CCR is engaged in an industry affecting commerce as defined in the LMRA, 29 U.S.C 142 at seq.

5. CCR was a successor and predecessor to other corporations that maintained various Coke production and distribution facilities in Wayne County Michigan, State of Michigan, within this Judicial District.

## JURISDICTION AND VENUE

6. This Court has subject matter Jurisdiction over this action under Section 301 of the Labor Management Relations Act 29 U.S.C. 188 (a) and 28 U.S.C 1331.

7. Venue is proper in this Court under 28 U.S.C 139 (b) in that the events or omissions giving rise to the complaint occurred in this district.

## RELEVANT COLLECTIVE BARGAINING AGREEMENT

8. CCR and Local 337 were previously parties to a collective bargaining agreement that was in effect from March 24, 2012, through March 22, 2017.

9. The CBA covered the same employees who worked as delivery drivers and warehouse employees ("bargaining unit employees").

## FACTS

10. CCR was engaged in the business of Producing and distributing soft drinks and other related items to customers in Michigan and neighboring states.

11. It operated facilities in Highland Park, Detroit, and Romulus Michigan between the periods of March 24, 2012, through March 23, 2017.

12. In March 24, 2012 it succeeded Coca Cola Enterprises, Inc (CCE). as the employer for the employees.

13. As such it paid the wages, medical benefits and pensions to the employees at the aforementioned Michigan facilities.

14. Local 337 has for over thirty years represented the employees through various contracts with Coca Cola entities.

15. The parties, Local 337 and CCR became signatories to a CBA effective March 24, 2012 through March 23, 2017.

16. In the previous CBA between CCE and Local 337 dated March 24, 2008 through March 23, 2011 the parties agreed the employer coverage to retirees would be no cost at age 60. Stating-Effective at age 60, the company shall pay one hundred percent 100% of the total cost of the insurance premium. Article XVII, Section 66 (e). Coverage also included among other benefits including prescriptions at minimal costs and capped at 5 dollars.

17. In the CBA between the two parties to this Litigation dated March 24, 2012 to March 23, 2017 CCR undertook the obligation owed to employees who previously retired under the prior contract or would retire under this contract prior to February 1, 2015.

18. Specifically in Article XVII Health and Welfare Section 66 (d) page 32 the provision stated-

> *D. A regular full time employee who meets the eligibility requirements set forth herein for retiree medical coverage and who retires prior to February 1, 2015 shall be covered under the retiree medical plan design that was in effect under the agreement that expired March 23, 2012.*

19. Based upon these contractual obligations CCR was required to provide Medical Coverage and benefits at no cost to the eligible retiree who obtained the age of 60 and had retired before January 27, 2013 or February 1, 2015.

20. Said Retiree Coverage was at zero costs for all premiums, with minimal prescription costs and no administrative costs with good coverage available to the eligible individuals and spouses.

21. In 2017 CCR sold its interest in the Metro Detroit location to a new entity, Great Lakes Coca Cola Distribution, LLC Detroit, but continued to maintain Retiree Health Care with the same continuing benefits as stated above.

22. In January 2022, Defendant CCR severely and substantially changed the benefits available to the eligible retirees, specifically.

a. Changed the cost of Prescriptions the eligible retirees were to pay from a maximum of (5) five dollars to upwards of hundreds and thousands of dollars, and some prescriptions no longer available.

b. Made the eligible retirees begin to pay the premiums for the first time.

c. Though CCR did reimburse the eligible retirees for premiums on a monthly basis they never previously paid, they will never catch up.

d. The retired employees were made to administer their own plan and assigned different deductible amounts and limitations of coverage they previously did not have to pay or were limited on coverage they could obtain.

e. By these and other changes the Defendant CCR changed the Medical Coverage it was to provide to eligible retirees.

## COUNT I-BREACH OF CONTRACT AND THE MEDICAL OBLIGATION IT OWED

23. The Defendant CCR owed a duty and obligation to continue to provide the same retiree Medical Coverage that it was providing since March 24, 2012.

24. That Defendant CCR has erroneously stated that the coverage, it is providing is the same conceding that it was obligated and required to provide same coverage.

25. That by the wrongful changes that CCR has made to said coverage the premiums are too costly for the retirees to afford or pay or is not available to them.

26. That Defendant has assigned caps on coverage available to said retirees on an individual basis limiting the coverage/benefits now available to them.

27. That Defendant is making the eligible participants pay for premiums, prescriptions and administer their own benefits that previously was at no cost or minimal costs to them.

WHEREFORE for the above stated reasons Plaintiff seeks the following relief on behalf of its former members and those employees who retired and are eligible for Medical Retiree Coverage in the amounts previously provided including-

   a. Reinstating the previous Medical Benefits, coverage, premiums and costs that the retired employees enjoyed.

   b. Reimburse all employees for all costs, payments and expenses wrongfully incurred.

   c. That Plaintiff be granted costs and Attorney fees for having to institute this litigation.

   d. That the Court grant such further and other relief as necessary and warranted.

Respectfully Submitted,

*/s/ K. O'Neill*

Kevin J. O'Neill (P36377)
22700 Garrison Street
Suite A
Dearborn, MI 48124
313.359.9888
Kevino21@hotmail.com

# UNITED STATES OF AMERICA
# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Teamsters Local 337

        Plaintiff,

-VS-

Coca Cola Refreshments, USA, Inc.

Great Lakes Region

        Defendant.

---

## DEMAND FOR TRIAL BY JURY

Now comes the Plaintiff Teamsters Local 337 and demands a Trial by Jury.

Respectfully Submitted,

*/s/ Kevin J. O'Neill*

Kevin J. O'Neill (P36377)